# EXHIBIT A



**Service of Process Transmittal**
03/23/2020
CT Log Number 537493204

**TO:** KIM LUNDY SERVICE OF PROCESS
WALMART INC.
702 SW 8TH ST
BENTONVILLE, AR 72716-6209

**RE:** **Process Served in New York**

**FOR:** WALMART INC.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Ward Echo and Ralph P. Ward, Pltfs. vs. Wal-Mart Stores, Inc. and Wal-Mart Stores East, Inc., Dfts. // To: Walmart Inc. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 20200198CV |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, New York, NY |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 03/23/2020 postmarked on 03/16/2020 |
| **JURISDICTION SERVED :** | New York |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **REMARKS:** | Due to the current COVID-19 situation, this service was delayed in route to an alternate CT location. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/06/2020, Expected Purge Date: 04/11/2020 |
| | Image SOP |
| | Email Notification,  KIM LUNDY SERVICE OF PROCESS  ctlawsuits@walmartlegal.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 1999 Bryan St Ste 900<br>Dallas, TX 75201-3140 |
| **For Questions:** | 877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

Page 1 of  1 / YC

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

DOS-110 (Rev. 04/08)
**DEPARTMENT OF STATE**
ONE COMMERCE PLAZA
99 WASHINGTON AVENUE
ALBANY, NY 12231-0001



USPS CERTIFIED MAIL

9214 8969 0059 7932 0716 27

U.S. POSTAGE >> PITNEY BOWES

ZIP 12231
02 1W    $ 004.20
0001391831 MAR. 16. 2020

202003120591
WALMART INC.
111 8TH AVE
NEW YORK NY, 10011

100118520i C017

State of New York - Department of State
Division of Corporations

Party Served:                                   Plaintiff/Petitioner:
WALMART INC.                                    WARD, ECHO

WALMART INC.
111 8TH AVE
NEW YORK, NY 10011

Dear Sir/Madam:
Enclosed herewith is a legal document which was served upon the Secretary of State on 02/26/2020 pursuant to SECTION 306 OF THE BUSINESS CORPORATION LAW. This copy is being transmitted pursuant to such statute to the address provided for such purpose.

Very truly yours,
Division of Corporations



STATE OF NEW YORK
SUPREME COURT: STEUBEN COUNTY

---

ECHO WARD and RALPH P. WARD,

                        Plaintiff

    v.

WAL-MART STORES, INC. and
WAL-MART STORES EAST, INC.,

                        Defendants

**SUMMONS**

Index No. 2020-0198CV

---

TO THE ABOVE-NAMED DEFENDANTS:

YOU ARE HEREBY SUMMONED to answer the Complaint in this action and to serve a copy of your answer on the Plaintiffs' attorneys within twenty (20) days after the service of this Summons and Complaint, exclusive of the day of service, where service is made by delivery upon you personally within the state, or within thirty (30) days after completion of service where service is made in any other manner.

In case of your failure to appear or answer, JUDGMENT will be taken against you by default for the relief demanded in the Complaint.

Trial to be held in the County of Steuben
The basis of the venue is the location of the accident
Plaintiffs' cause of action arose in Steuben County

Dated: Corning, New York, this 7th day of February 2020

                        WELCH, DONLON & CZARPLES, PLLC
                        Attorneys for Plaintiffs

        By:

                        MICHAEL A. DONLON, ESQ.
                        *Office and Post Office Address*
                        8 Denison Parkway East, Suite 203
                        Corning, New York 14830
                        *Telephone:* (607)936-8057



TO THE ABOVE-NAMED DEFENDANTS:

The nature of the action is: personal injury.

The relief sought is: money damages.

WELCH, DONLON & CZARPLES PLLC   CORNING, NY

COPY

STATE OF NEW YORK
SUPREME COURT : COUNTY OF STEUBEN
-----------------------------------------------------------
ECHO WARD and RALPH P. WARD,

                          Plaintiffs,                  COMPLAINT

v.

                                                  Index No. 2020-0198CV

WAL-MART STORES, INC. and
WAL-MART STORES EAST, INC.,

                          Defendants.
-----------------------------------------------------------

        Plaintiffs, by the Law Offices of WELCH, DONLON & CZARPLES PLLC, their attorneys, complaining of the Defendants, hereby allege:

**AS A FIRST CAUSE OF ACTION PLAINTIFFS ALLEGE:**

        1.        Plaintiffs, at all times hereinafter mentioned, were residents of Schuyler County, New York.

        2.        Upon information and belief, Defendant WAL-MART STORES, INC., is a foreign business corporation conducting substantial retail business in New York State and having its principal place of business at 702 S.W. Eighth Street, Bentonville, Arkansas 72716.

        3.        Upon information and belief, Defendant WAL-MART STORES EAST, INC., is a foreign business corporation registered to do business in New York State having its executive office at 702 S.W. Eighth Street, Bentonville, Arkansas 72716. Upon further information and belief, WAL-MART STORES EAST, INC., is a wholly owned subsidiary of Defendant WAL-MART STORES, INC. (hereafter collectively referred to as "Defendant Store").

–1–

4.  That at all times mentioned herein, Defendant Store did own and operate a retail store known as the "Walmart Supercenter" located at 3217 Silverback Lane, Painted Post, NY 14870.

5.  Upon information and belief, the above action falls within one of the exceptions noted in CPLR § 1602 concerning apportionment of damages under the rules of joint and several liabilities, inclusive of CPLR § 1602(2).

6.  That on or about October 5, 2019, the Plaintiff, ECHO WARD, was a patron at Defendant Store located at 3217 Silverback Lane, Painted Post, NY 14870. While there, and while engaged in routine shopping activity, an employee of Defendant Store, caused a merchandise transport cart to come into contact with/run into Plaintiff ECHO WARD. The collision knocked ECHO WARD to the ground.

7.  Said incident resulted in severe permanent and painful physical injuries to ECHO WARD.

8.  The aforesaid act(s) of Defendant Store's employee was/were being committed in furtherance of the Defendant Store's business and while said employee was acting in the scope of his employment. In committing these acts, the employee failed to use due care in that he failed to look and see what was there to be seen, failed to warn Plaintiff and others of his presence and his intent to operate the metal flat cart in a manner that would permit it to collide with Plaintiff ECHO WARD, failed to keep the cart under reasonable control so as to avoid the collision with ECHO WARD, failed to follow industry and/or company standards for use and operation of the aforesaid metal flat cart. Upon information and belief, Defendant Store is directly liable for the acts and omissions described herein. Upon further information and belief, Defendant Store is vicariously

-2-

liable for the injurious acts and omissions of its employee described herein under the doctrine of "respondeat superior".

9. Defendant Store, their agents and/or employees, have a duty to act reasonably when moving merchandise from place to place throughout its premises. Defendant also has a duty to act reasonably in the placement of metal carts used to transport merchandise from place to place throughout its premises.

10. Defendant Store, their agents and/or employees, have a duty to safely move merchandise transportation carts from place to place throughout its premises, taking due care to see what is there to be seen, and to avoid collisions with other people located within the premises, including Plaintiff invitee.

11. Defendant Store, their agents and/or employees, have a duty to use due care in moving merchandise transportation carts from place to place throughout its premises and to do so in a reasonably safe manner so as to avoid causing harm to Plaintiff who was legally and foreseeably upon the premises as a store patron.

12. Defendant Store, their agents and/or employees, failed to act reasonably in moving the aforesaid cart through the premises and/or failed to safely move the cart through the premises and/or failed to move the cart through the premises in a reasonably safe manner.

13. Defendant Store was further negligent in failing to warn Plaintiff ECHO WARD of the impending danger posed by the manner and method of work being conducted by its employee(s) in proximity to the busy and heavily trafficked retail shopping area. Defendant Store was negligent as well in placing the metal flat cart in a heavily trafficked retail aisle and in such a manner as to make it difficult to detect through use of the human senses, i.e. the cart was concealed and/or otherwise obstructed from view. Defendant Store was further negligent in hiring the subject

–3–

employee, and/or was negligent in training the subject employee concerning proper use and operation of the implement in question and/or in failing to properly supervise the said employee in the use and operation of same. Defendant was negligent as well in failing to erect barriers to prevent the implement from traveling into the area of retail space known to be constantly occupied by patrons including Plaintiff.

14. Upon information and belief, the duties of Defendant Store described herein and owed to Plaintiff ECHO WARD were non-delegable in nature.

15. As a result of the negligence of Defendant Store, its agents and/or employees, Plaintiff ECHO WARD suffered severe permanent injuries to her face, head, neck, left knee, right wrist and hand. Likewise, ECHO WARD has incurred and continues to incur substantial special damages in the form of past and future medical expenses. ECHO WARD has also suffered and continues to suffer substantial general damages in the form of past and future pain and suffering and loss of enjoyment of life. Upon information and belief, the injuries ECHO WARD sustained as a result of the aforesaid negligence of Defendant are permanent in nature.

16. Defendant Store is vicariously liable for the negligent conduct of its agents and/or employees, who caused the cart to be negligently placed and/or directed the cart into the person of ECHO WARD.

17. That the accident and injuries sustained by the Plaintiff resulted solely from the negligence of Defendant Store, its agents and/or employees and without any negligence of the Plaintiff contributing thereto.

18. The Plaintiff has thereby personally suffered damages in an amount that exceeds the monetary jurisdictional limits of all lower courts.

## AS A SECOND CAUSE OF ACTION PLAINTIFFS ALLEGE:

19. Repeat and reallege the allegations contained in paragraphs 1 through 18 hereof as if more fully set forth at length herein.

20. That the Plaintiff RALPH WARD was married to the Plaintiff ECHO WARD at the time of the accident alleged above and continues to be married to the said Plaintiff.

21. That as a result of said accident and injury to the Plaintiff ECHO WARD, the Plaintiff RALPH WARD has lost the society, love, services and companionship of his spouse.

22. By reason of the foregoing, Plaintiff RALPH WARD has been damaged in an amount which exceeds the jurisdictional monetary limits of all lower courts.

WHEREFORE, Plaintiff(s) demand judgment against the Defendant(s), both jointly and severally, in an amount that exceeds the monetary jurisdictional limits of all lower courts, together with costs and disbursements of this action and such other and further relief as the Court may deem just and proper.

Dated:  February 7, 2020
        Corning, New York

WELCH, DONLON & CZARPLES PLLC

By: _____
MICHAEL A. DONLON, ESQ.
*Attorney for Plaintiffs*
Office and Post Office Address
8 Denison Parkway East, Suite 203
Corning, New York 14830
Telephone: (607) 936-8057
Email:  michael@wdcinjurylaw.com

-5-